UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Alyssa M. Manichia,

    Plaintiff,

v.

TRANS UNION, LLC, and
PROCOLLECT, INC.

    Defendants.
_____/

Case No.:

**Jury Trial Demanded**

## COMPLAINT

Plaintiff Alyssa M. Manichia ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants Trans Union, LLC ("TransUnion") and Procollect, Inc. ("ProCollect," together with TransUnion, "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") wherein Defendants continued to inaccurately report a balance due and past-due on Plaintiff's consumer credit report—despite Plaintiff disputing the inaccurate credit reporting of the alleged debt directly to TransUnion—in violation of the FCRA.

**JURISDICTION & VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, as well as under the FCRA, 15 U.S.C. § 1681, *et seq.*

3. Defendants are subject to the jurisdiction of this Court as they each regularly transact business in this District, TransUnion is domiciled in Illinois, and the events described herein occurred in this District.

1

4. Venue is proper in this District as the acts and transactions described herein occurred in this District.

## PARTIES

5. At all relevant times, Plaintiff was a natural person and consumer residing in McHenry County, Illinois.

6. At all relevant times, TransUnion was a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661. TransUnion's registered agent in Illinois is as follows: Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

7. At all relevant times, ProCollect was a foreign corporation headquartered in Texas, that conducts business in Illinois. ProCollect's registered agent in Illinois is as follows: Registered Agent Solutions Inc., 3000 Professional Dr., Ste. A, Springfield, IL 62703.

## FCRA STATUTORY STRUCTURE

8. Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner that is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* 15 U.S.C. § 1681(b).

9. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure "***maximum possible accuracy***" of the information concerning the individual about whom the report relates. § 1681e(b) (emphasis added).

10. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the credit reporting agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. § 1681i(a).

11. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. § 1681i(a)(4).

12. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. § 1681i(a)(5).

13. Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information on a consumer report, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. § 1681s-2(b).

14. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of up to $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. § 1681n.

15. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney fees. § 1681o.

## GENERAL ALLEGATIONS

16. At all relevant times, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1681a(c).

17. At all relevant times, TransUnion was a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA, and regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. TransUnion sells such consumer reports to third parties for monetary compensation.

18. At all relevant times, ProCollect, itself and through its subsidiaries, regularly serviced the credit of consumers in Illinois.

19. At all relevant times, ProCollect was also a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by U.S.C. § 1681s-2.

20. At all relevant times, ProCollect reported information concerning a consumer debt, including but not limited to, an alleged balance due from Plaintiff referenced by account number ending -1243 ("Debt").

21. At all relevant times, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and/or insurers.

22. All necessary conditions precedent to the filing of this action occurred, or Defendants waived the same.

## FACTUAL ALLEGATIONS

23. On or about June 2021, Plaintiff allegedly incurred a Debt with a rental community/creditor, TIMBER OAKS APARTMENTS / LYND.

24. On or about August 2021, Plaintiff paid off the alleged debt in full.

25. On or about August 18, 2021, ProCollect sent a letter to Plaintiff titled, "PAID IN FULL LETTER," in which ProCollect confirmed Plaintiff's payment-in-full of the Debt:

> Receipt of this letter acknowledges that the above referenced account is paid in full. This will release you from any further obligation concerning this matter. Any derogatory credit reported by ProCollect, Inc. on this account will be adjusted.

26. Following ProCollect's confirmation that the Debt was "paid in full" and that "[a]ny derogatory credit reported by ProCollect, Inc. on this account will be adjusted," Plaintiff's consumer reports from Experion and Equifax reflected no balance due on the Debt.

27. Despite ProCollect's confirmation that the Debt was "paid in full" and that "[a]ny derogatory credit reported by ProCollect, Inc. on this account will be adjusted," Plaintiff's consumer report from Defendant TransUnion continued to inaccurately reflect, and continues to inaccurately reflect, a past-due balance of $2,747 owed on the Debt.

5

28. On or about October 30, 2021, Plaintiff submitted a first dispute to TransUnion *via* Credit Karma, disputing the incorrect Debt reported on her consumer report.

29. Upon information and belief, and as required by the FCRA, TransUnion submitted Plaintiff's dispute to ProCollect.

30. On or about November 4, 2021, Plaintiff received a notification from Credit Karma that her first dispute with TransUnion was completed. Her consumer report from TransUnion continued to inaccurately report a past-due balance on the Debt.

31. On or about November 14, 2021, Plaintiff submitted a second dispute to TransUnion *via* Credit Karma, again disputing the incorrect Debt reported on her consumer report.

32. Upon information and belief, and as required by the FCRA, TransUnion submitted Plaintiff's dispute to ProCollect.

33. On or about November 24, 2021, Plaintiff received a notification from Credit Karma that her second dispute with TransUnion was completed. Her consumer report from TransUnion continued to inaccurately report a past-due balance on the Debt.

34. Despite Plaintiff's two, separate disputes to TransUnion detailing the objectively inaccurate reporting of the Debt, Defendants did not correct the disputed inaccurate information after re-investigating it, as required by the FCRA.

35. Plaintiff's credit report from TransUnion reflects that the Debt is "DISPUTED BY CONSUMER," which shows that Defendants, in fact, received Plaintiff's dispute and that the continued incorrect reporting of the Debt is willful or negligent.

36. As a result of Defendants' inaccurate reporting of the Debt on Plaintiff's credit report, Plaintiff was denied applications for rental housing, was forced to refrain from applying for new credit lines or loans, and was continually evaluated for credit using consumer reports that

inaccurately reported the Debt and Plaintiff's credit worthiness. Plaintiff also spent time attempting to correct the inaccurate reporting of the Debt.

37. Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, loss of sleep, and confusion, believing that, despite not owing the Debt, and despite Plaintiff's multiple dispute efforts, Plaintiff must endure the erroneous and inaccurate reporting of the Debt and its negative impact on her credit score and credit worthiness.

38. Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would continue to be denied housing and credit as a result of Defendants' erroneous and incorrect reporting of the Debt, and that Plaintiff would be forced to pay higher interest rates in the event she could obtain financing. Plaintiff suffered additional actual damages in the form of damage to her credit reputation.

39. Sections 1681n and 1681o of the FCRA provide for the award of up to $1,000 in statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

## COUNT ONE: TransUnion
## Fair Credit Reporting Act –
## Violation of 15 U.S.C. § 1681e(b)

40. Plaintiff re-alleges the preceding paragraphs as if fully restated herein.

41. TransUnion is subject to, and violated the provisions of, 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files published and maintained concerning Plaintiff.

42. TransUnion willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Debt.

43. Specifically, despite Plaintiff's payment of the Debt on or about August 2021, Transunion incorrectly reported adverse information concerning the Debt as alleged above. Notably, Plaintiff's consumer reports from credit reporting agencies Experian and Equifax did not reflect the same incorrect reporting of the Debt.

44. Further, TransUnion willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiffs' disputes of the above-referenced inaccuracies contained in her TransUnion credit report.

45. Such reporting of the Debt was objectively false and evidences Transunion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs' credit reports and credit file.

46. Importantly, TransUnion possessed actual knowledge of Plaintiff's "payment in full" of the Debt reported by ProCollect, which proved there was no balance owed on the Debt. Notwithstanding, TransUnion failed to remove the inaccurate reporting of the Debt, even after Plaintiff's multiple disputes.

47. As a result of TransUnion's conduct, actions, and inactions, Plaintiff was damaged as alleged herein.

48. TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff, as alleged herein.

49. TransUnion's violations of 15 U.S.C. § 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as provided by 15 U.S.C. § 1681n, or 1681o, or both.

### COUNT TWO: Transunion
### Fair Credit Reporting Act –
### Violation of 15 U.S.C. § 1681i(a)(1)

50. Plaintiff re-alleges the preceding paragraphs, except those under the preceding Count, as if fully restated herein.

51. TransUnion is subject to and violated the provisions of 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable re-investigations of Plaintiff's multiple disputes to determine whether the disputed information was inaccurate, and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit file.

52. Specifically, TransUnion willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiffs' multiple disputes, as described herein.

53. Despite receiving Plaintiffs' multiple disputes, Transunion's re-investigation was not conducted in such a way as to assure the maximum possible accuracy of the Debt reported on Plaintiff's credit report.

54. Specifically, despite Plaintiff's multiple disputes detailing TransUnion's inaccurate reporting of the Debt, TransUnion continued to inaccurately report the Debt with a balance owed and past due.

55. Such reporting is false and evidences TransUnion's failure to conduct reasonable re-investigations of Plaintiffs' multiple disputes.

56. TransUnion's reinvestigations of Plaintiffs' multiple disputes were not conducted reasonably.

57. TransUnion's reinvestigations merely copied, parroted, and relied upon the inaccurate and unreliable Debt information conveyed by ProCollect.

58. Equifax's reinvestigations of Plaintiff's multiple disputes were not conducted in good faith.

59. TransUnion's reinvestigation procedures are unreasonable.

60. TransUnion's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to TransUnion.

61. TransUnion's reinvestigations were *per se* deficient by reason of these failures in TransUnion's reinvestigations of Plaintiff's multiple disputes and the Debt.

62. As a result of TransUnion's conduct, actions, and inactions, Plaintiff was damaged as alleged herein.

63. TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff, as alleged herein.

64. TransUnion's actions in violation of 15 U.S.C. § 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiffs to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 U.S.C. § 1681n or 1681o, or both.

### COUNT THREE: TransUnion
### Fair Credit Reporting Act –
### Violation of 15 U.S.C. § 1681i(a)(4)

65. Plaintiff re-alleges the preceding paragraphs, except those under the preceding Counts, as if fully restated herein.

66. TransUnion is subject to, and violated the provisions of, 15 U.S.C. § Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's multiple disputes, including all relevant attachments.

67. Specifically, TransUnion possessed actual knowledge of Plaintiff's payment-in-full of the debt based upon Plaintiff's multiple disputes, which proved there was no outstanding balance owed on the Debt. Despite this Transunion willfully and/or negligently failed to review and consider all information received in Plaintiff's multiple disputes, including all relevant attachments.

68. TransUnion's failure to review and consider all information received in Plaintiff's multiple disputes, including all relevant attachments, was done in bad faith.

69. As a result of TransUnion's conduct, actions, and inactions, Plaintiff was damaged as alleged herein.

70. TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff, as alleged herein.

71. TransUnion's actions in violation of 15 U.S.C. § 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 U.S.C § 1681n or 1681o, or both.

### COUNT FOUR: Transunion
### Fair Credit Reporting Act –
### Violation of 15 U.S.C. § 1681i(a)(5)

72. Plaintiff re-alleges the preceding paragraphs, except those under the preceding Counts, as if fully restated herein.

73. TransUnion is subject to, and violated the provisions of, 15 U.S.C. § 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's multiple disputes as inaccurate or that could not be verified.

74. Specifically, TransUnion possessed actual knowledge of Plaintiff's payment-in-full of the Debt with ProCollect based upon Plaintiff's multiple disputes, which proved there was no outstanding balance owed on the Debt. Yet, TransUnion willfully and/or negligently failed to update or delete the information on Plaintiff's credit reports with respect to the Debt that was either inaccurate and/or could not be verified.

75. As a result of TransUnion's conduct, actions, and inactions, Plaintiff was damaged as alleged herein.

76. TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff, as alleged herein.

77. TransUnion's actions in violation of 15 U.S.C. § 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 U.S.C. § 1681n or 1681o, or both.

### COUNT FIVE: ProCollect
### Fair Credit Reporting Act –
### Violation of 15 U.S.C. § 1681s-2(b)

78. Plaintiff re-alleges the preceding paragraphs, except those under the preceding Counts, as if fully restated herein.

79. ProCollect is subject to, and violated the provisions of, 15 U.S.C. § Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's multiple

disputes, failing to review all relevant information regarding the same, and failing to correctly report the Debt on Plaintiff's credit reports after re-investigating Plaintiff's multiple disputes.

80. As described above, despite receiving notice of Plaintiff's multiple disputes, ProCollect willfully and/or negligently reported erroneous and inaccurate credit information regarding the Debt to TransUnion.

81. Specifically, after receiving notice of Plaintiff's multiple disputes, ProCollect inaccurately reported the Debt as containing a balance owed and past-due, which ultimately reflected negatively and adversely on Plaintiff's TransUnion credit reports and credit files.

82. ProCollect's re-investigation was not conducted in good faith.

83. ProCollect's re-investigation was not conducted reasonably.

84. ProCollect's re-investigation was not conducted using all information reasonably available to ProCollect.

85. As a result of ProCollect's conduct, actions, or inactions, Plaintiff was damaged as alleged herein.

86. ProCollect's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as alleged herein.

87. ProCollect's actions in violation of 15 U.S.C. § 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 U.S.C. § 1681n or 1681o, or both.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

  a. Judgment against ProCollect and TransUnion for maximum statutory damages for violations of the FCRA;

  b. Judgment enjoining Defendants from engaging in further conduct in violation of the FCRA;

  c. Actual damages in an amount to be determined at trial;

  d. Compensatory damages in an amount to be determined at trial;

  e. Punitive damages in an amount to be determined at trial;

  f. An award of attorney's fees and costs; and

  g. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, and data—pertaining to this litigation, as required by law.

Dated: February 24, 2022       Respectfully submitted,

               **SHAMIS & GENTILE, P.A.**
               */s/ Andrew J. Shamis*
               Andrew J. Shamis, Esq.
               Illinois Bar No. 6337427
               ashamis@shamisgentile.com
               14 NE 1st Avenue, Suite 705
               Miami, Florida 33132
               Telephone: 305-479-2299

               **EDELSBERG LAW, P.A.**
               Scott Edelsberg*
               scott@edelsberglaw.com
               Christopher Gold*

chris@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (786) 289-9471
Direct: (305) 975-3320